**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ENJOLENA GARDNER,<br>on behalf of Plaintiff and the class<br>described herein, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| MIDLAND CREDIT MANAGEMENT, INC., | )<br>) |
| Defendant. | )<br>) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Enjolena Gardner brings this action to secure redress from unlawful collection practices engaged in by Defendant Midland Credit Management, Inc.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and state law.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

7.     Plaintiff and the class members were each improperly subjected to a lawsuit as a result of the conduct  complained of herein.

## VENUE AND JURISDICTION

8.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

9.     Venue and personal jurisdiction in this District are proper because:

   a.     Defendant's collection activities impacted Plaintiff within this District;

   b.     Defendant does or transacts business within this District and has an office in the District.

## PARTIES

### Plaintiff

10.     Plaintiff Enjolena Gardner  is an individual who resides in the Northern District of Illinois.

### Midland Credit Management

11.     Defendant Midland Credit Management, Inc. is a foreign for profit corporation operating from 350 Camino De La Reina, Suite 100, San Diego, CA 92108.  It does business in Illinois.  Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.  It also has an office at 1821 Walden Office Square, Suite 400, Schaumburg, IL 60173-4273.

12.     Midland Credit Management is a "debt collector" within the meaning of the FDCPA.

13.     Midland Credit Management uses the mails, telephone system, and Internet in its business, the principal purpose of which is the collection of debts.

14.     Midland Credit Management regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15.     Upon information and belief, almost all of Midland Credit Management's resources are devoted to debt collection.

16.     Upon information and belief, almost all of Midland Credit Management's revenue is derived from debt collection.

17.     Upon information and belief, almost all of Midland Credit Management's expenses are related to debt collection.

18.     Midland Credit Management is a licensed "collection agency" with the State of Illinois.

### FACTS

19.     During 2019-2021, Midland Credit Management, represented by a collection law firms, caused numerous collection lawsuits to be filed and served in the Illinois state courts against consumers on behalf of "Midland Funding LLC by its servicing agent Midland Credit Management, Inc."

20.      On information and belief, based on a search of court dockets, there were more than 40 such lawsuits that were either filed or served within one year prior to the filing of this action.

21.     On information and belief, all of these lawsuits were filed to collect credit card debt incurred for personal, family or household purposes.

22.     One such lawsuit was filed against Plaintiff on December 13, 2019.  2019-M1-136994.   However, it was not served until November 25, 2020.

23.     The lawsuit against Plaintiff was filed to collect credit card debt allegedly incurred for personal, family or household purposes.

24. A collection agency which does not beneficially own a debt is authorized to file suit in an Illinois court only as specified in 225 ILCS 425/8b, which provides:

An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:

(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:

(i) the effective date of the assignment; and

(ii) the consideration for the assignment.

(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the debt being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.

(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.

(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.

(e) *No litigation shall commence in the name of the licensee as plaintiff* unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law.

(f) If a collection agency takes assignments of accounts from 2 or more creditors against the same debtor and commences litigation against that debtor in a single action, in the name of the collection agency, then (i) the complaint must be stated in separate counts for each assignment and (ii) the debtor has an absolute right to have any count severed from the rest of the action.  (Emphasis added)

25. A "servicing agent" is the same thing as a "collection agent." *Cooper v. Litton Loan Servicing (In re Cooper)*, 253 B.R. 286, 291 (Bankr. N.D.Fla. 2000).

26. On information and belief, pursuant to a Servicing Agreement between Midland Funding and Midland Credit Management, Inc., dated December 15, 2006, Midland Credit Management, Inc., to the extent required and/or permitted by applicable law, was assigned the rights in and to the accounts it is servicing for Midland Funding.

4

27.     Midland Credit Management, Inc., attempts to keep the terms of this agreement secret, contrary to 225 ILCS 425/8b.

28.     Midland Credit Management, Inc., represented by a collection law firm, commenced the lawsuit at issue to collect a debt allegedly owned by Midland Funding, LLC without having an assignment that complied with 225 ILCS 425/8b and without complying with 225 ILCS 425/8b.

29.     The complaint in the collection lawsuit stated that the plaintiff therein was entitled to collect all sums sought therein.

30.     Such statement was false.

31.     As a result of the improper collection lawsuit and false statement, Ms. Gardner was required to spend time and money to defend the collection lawsuit, paying counsel and an appearance fee for that purpose.


**CLASS ALLEGATIONS**

32.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

33.     The class consists of (a) all individuals (b) sued in an Illinois court (c) by Midland Credit Management, Inc., as servicing agent for Midland Funding, LLC (d) where the complaint was either filed or served at any time during a period beginning one year (Count I – FDCPA) or three years (Count II – Illinois Consumer Fraud Act) or five years (Count III – filing of unauthorized lawsuits) prior to the filing of this action and ending 20 days after the filing of this action.

34.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

35.     On information and belief, the class is so numerous that joinder of all members is not practicable.

36.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

      a.     Whether Defendant engaged in the practice complained of;

      b.     Whether such practice violates the FDCPA;

      c.     Whether such practice violates the Illinois Consumer Fraud Act;

      d.     Whether such practice is actionable under Illinois tort law.

37.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

39.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FDCPA

40.     Plaintiff incorporates paragraphs 1-39.

41.     Defendant Midland Credit Management, Inc., violated 15 U.S.C. §§1692, 1692e(2), 1692e(10) and 1692f by commencing and pursuing a lawsuit against Plaintiff that they were prohibited from filing and pursuing by 225 ILCS 425/8b and by falsely representing that they were entitled to collect the sums sought in the collection lawsuit.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendant Midland Credit Management, Inc., for:

      i.     Statutory damages;

      ii.      Actual damages;

      iii.     Attorney's fees, litigation expenses and costs of suit;

      iv.     Such other and further relief as the Court deems proper.

**COUNT II – ILLINOIS CONSUMER FRAUD ACT**

42.     Plaintiff incorporates paragraphs 1-39.

43.     Defendant Midland Credit Management, Inc., engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by commencing and pursuing a lawsuit against Plaintiff that it was prohibited from filing and pursuing by 225 ILCS 425/8b and by falsely representing that it was were entitled to collect the sums sought in each lawsuit.

44.     "[D]ebt collectors may violate the ICFA if they fabricate the debt or lie about their right to collect on a debt." *Maldanado v. Freedman Anselmo Lindberg, LLC*, 14cv10176, 2015 U.S. Dist. LEXIS 63157, 2015 WL 2330213, at *4 (N.D. Ill. May 14, 2015); *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp.2d 929, 942 (N.D. Ill. 2012) (plaintiff stated a claim for violation of the ICFA where defendant filed a state court debt collection lawsuit on a debt that had not been legally assigned to it).

45.     Defendant Midland Credit Management, Inc. engaged in such conduct in the course of trade and commerce in collection services.

46.     Defendant Midland Credit Management, Inc., engaged in such conduct for the purpose of obtaining money from Plaintiff.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendant Midland Credit Management, Inc. for:

      i.      Actual damages;

      ii.      Punitive damages;

      iii.     Attorney's fees, litigation expenses and costs of suit;

      iv.     Such other and further relief as the Court deems proper.

## COUNT III – UNAUTHORIZED FILING OF LAWSUITS

47.     Plaintiff incorporates paragraphs 1-39.

48.     Defendant Midland Credit Management, Inc. engaged in tortious conduct against Plaintiff by filing and pursuing a  lawsuit against Plaintiff that it lacked authority to file and pursue under 225 ILCS 425/8b.  *Safeway Ins. Co. v. Spinak*, 267 Ill. App. 3d 513, 641 N.E.2d 834 (1st Dist. 1994); *Merriman v. Merriman*, 290 Ill. App. 139, 8 N.E.2d 64 (3d Dist. 1937).

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendant Midland Credit Management, Inc. for:

     i.      Actual damages;

     ii.       Punitive damages;

     iii.     Costs of suit;

     iv.     Such other and further relief as the Court deems proper.


        */s/ Daniel A. Edelman*
        Daniel A. Edelman



Daniel A. Edelman (ARDC 0712094)
David Kim (ARDC 6303707)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com


T:\37699\Pleading\Complaint -- federal_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)