IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ENJOLENA GARDNER, on behalf of Plaintiff and the class described herein, | ) ) ) ) | |
| Plaintiff, | ) ) | 21 cv 1645 |
| vs. | ) ) | Honorable Judge Coleman |
| MIDLAND CREDIT MANAGEMENT, INC., | ) ) ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

Defendant participates in providing this report pursuant to the Court's request. However, defendant only does so **expressly preserving and without waiving any rights to arbitration under the Federal Arbitration Act 9 U.S.C. § 1**.

**I.    Nature of the Case**

   A.   Attorneys of Record for Each Party.

| Attorneys for Plaintiff | Attorneys for Defendant |
|---|---|
| Daniel A. Edelman (lead trial attorney) | David M. Schultz (lead trial attorney) |
| Cathleen M. Combs | Todd P Stelter |
| David Kim | HINSHAW & CULBERTSON LLP |
| EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC | 151 North Franklin Street, Suite 2500 Chicago, IL 60606 |
| 20 S. Clark Street, Suite 1500 | T: (312) 704-3000 |
| Chicago, IL 60603-1824 | F: (312) 704-3001 |
| (312) 739-4200 | dschultz@hinshawlaw.com |
| (312) 419-0379 (FAX) | tstelter@hinshawlaw.com |
| Email Address for service: courtecl@edcombs.com | |

   B.   Nature of the Claims Asserted in Complaint and Any Counterclaims.

Plaintiff alleges that Defendant Midland Credit Management, Inc. ("MCM") violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692e, 1692e(2), 1692e(10) and 1692f,

815 ILCS 505/2 of the Illinois Consumer Fraud Act ("ICFA") and engaged in tortious conduct by commencing and pursuing a lawsuit against Plaintiff that MCM was prohibited from filing and pursuing by 225 ILCS 425/8b and by falsely representing that they were entitled to collect the sums sought in the collection lawsuit. MCM commenced a lawsuit as "Midland Funding LLC by its serving agent Midland Credit Management" to collect a debt allegedly owned by Midland Funding LLC without have an assignment that complied with 225 ILCS 425/8b and without complying with the requirements of 225 ILCS 8/b.

Plaintiff asserts the claims on behalf of herself and an alleged class. The class consists of (a) all individuals (b) sued in an Illinois court (c) by Midland Credit Management, Inc., as servicing agent for Midland Funding, LLC (d) where the complaint was either filed or served at any time during a period beginning one year (Count I – FDCPA) or three years (Count II – Illinois Consumer Fraud Act) or five years (Count III – filing of unauthorized lawsuits) prior to the filing of this action and ending 20 days after the filing of this action.

  C.  <u>Major Legal and Factual Issues</u>.

Plaintiff contends that the legal and factual issues are:

1.  Whether MCM violated the §§1692e, 1692e(2), 1692e(10) and 1692f of the FDCPA;

2.  Whether MCM violated the 815 ILCS 505/2 of the Illinois Consumer Fraud Act;

3.  Whether MCM engaged in tortious conduct

4.  Whether MCM commenced a lawsuit without an assignment compliant with 225 ILCS 425/8b;

5.  Whether MCM failed to comply with 225 ILCS 8/b by filing collection lawsuits in Illinois state court by falsely representing that they were entitled to collect the sums sought in the collection lawsuit as "Midland Funding LLC by its serving agent Midland Credit Management" which is prohibited by 225 ILCS 425/8b;

6.  Whether Plaintiff can meet her burden of establishing that all requirements of the Fed. R. of Civ. P. 23 are met such that the requested classes can be certified; and

7.  Whether Plaintiff and the class are entitled to relief under the FDCPA, ICFA and can recover damages from MCM for its tortious conduct.

Defendant contends that the legal and factual issues are:

1.  Whether any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., or ICFA, if applicable, which defendant denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error;

2

2. Whether Plaintiff and/or every member of the putative class is contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

3. Whether Plaintiff and/or every member of the putative class lacks Article III standing with regard to his/her claims because he/she is unable to demonstrate that any actual injury occurred. *Spokeo, Inc. v. Robins*, No. 13-1339 (S.Ct. 2016).

4. Whether The claims of plaintiff and/or every member of the putative class are barred or diminished by the voluntary payment doctrine.

5. Whether litigation privilege affords defendant absolute immunity from claims arising out of the method and manner in which counsel draft, construct and/or file Illinois state court pleadings, attachments, notices and filings.

6. Whether plaintiff's claims and/or the claims of every class member may be barred by the *Colorado River* doctrine. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

7. Whether under the Noerr-Pennington doctrine, any defendant is immune from suit under the FDCPA or ICFA if it pursued state court litigation against plaintiff. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127 (1961) and *United Mine Workers v. Pennington,* 381 U.S. 657 (1965) and *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508 (1972).

8. Whether plaintiff's and/or putative class member claims in this case may be barred in part, or in whole, by the *Rooker-Feldman* doctrine**.** *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

9. Whether plaintiff's and/or putative class member claims in this case may eventually be barred in part, or in whole, by the doctrines of res judicata and/or collateral estoppel.

10. Whether plaintiff and/or putative class members waived their claims by failing to object in the state trial court, either in form or substance, pursuant to 735 ILCS 5/2-612(c).

11. Whether Defendant and its employees are immune from liability due to participation in state court litigation by the witness immunity doctrine.

D. Relief Sought by Plaintiff

Plaintiff seeks, for herself and the putative class, statutory damages under the FDCPA, which for a class claim constitute one percent of Defendant's net worth or $500,000.00 plus attorneys' fees and costs; actual damages punitive damages under the ICFA plus attorneys' fees and costs; actual damages and punitive damages for MCM's tortious conduct plus costs of the suit; and such other relief as the Court deems proper.

E. General Status of the Case

All the Parties have been served. MCM's has until May 20, 2021 to answer or otherwise plead.

## II. Pending Motions

There are no pending motions. The Court granted MCM's motion for extension of time to answer or otherwise plead to May 20, 2021. [Dkt. No. 8]

## III. Discovery

Plaintiffs anticipates taking both written and oral discovery on (1) MCM's alleged violation of the FDCPA, ICFA, and its alleged tortious conduct; (2) class certification issues; (3) any affirmative defenses MCM may plead, including any bona fide error defense.

**Defendant opposes discovery proceeding until it can be determined whether this matter should proceed in arbitration under Federal Arbitration Act 9 U.S.C. § 1.**

Plaintiff **opposes any stay** and proposes the following discovery schedule:

| Event | Deadline |
| --- | --- |
| Initial Disclosures | June 4, 2021 |
| Completion of Fact Discovery | December 1, 2021 |
| Disclosure of Plaintiff's Expert Report(s) (if necessary) | January 5, 2022 |
| Disclosure of Defendant's Expert Report(s) (if necessary) | February 9, 2022 |
| Plaintiff's Expert's Rebuttal Report(s) (if necessary) | March 16, 2022 |
| Completion of Expert Discovery | April 20, 2022 |

Plaintiff requests that the Court set a case management status at the close of fact discovery. At the case management status, the Parties can inform the Court if they believe that expert discovery is necessary.

Plaintiff anticipates filing a motion for class certification following the close of discovery. Plaintiff proposes that the motion for class certification be fully briefed and decided before the parties begin briefing summary judgment pursuant to Rule 56 to avoid any one-way intervention objections or waiver arguments. *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 352-355 (7th Cir. 1975); *Mendez v. The Radec Corp. et al*, 260 F.R.D. 38 (W.D.N.Y. 2009). *See also In re Cablevision Consumer Litigation*, No. 10-CV-4992(JS)(AKT), 2014 U.S. Dist. LEXIS 44983, at *49-50 (E.D.N.Y. Mar. 31, 2014). If this Court certifies Plaintiff's proposed class, notice of the

4

pendency of the action will need to be provided to each class member before the Court enters any dispositive orders which may affect their claims.

As such, Plaintiff respectfully requests that the court enter a schedule for dispositive motions following the Court's ruling on the motion for class certification.

## IV. Trial

    A.    Have any of the parties demanded a jury trial?

    Yes.

    B.    Estimate the length of trial.

    3-4 days.

## V. Status of Settlement

    A.    Settlement Discussion

The Parties have engaged in a settlement discussion to resolve this matter and two other matters that are pending in the Circuit Court of Cook County. Plaintiff made a settlement demand on April 21, 2021.

    B.    Settlement Conference

The Parties do not request a settlement conference at this time.

    C.    Arbitration and Mediation

Plaintiff is not interested in pursuing arbitration or mediation at this time. Defendant participates in providing this report pursuant to the Court's request. However, defendant only does so **expressly preserving and without waiving any rights to arbitration under the Federal Arbitration Act 9 U.S.C. § 1.**

VI. <u>**Consent to Proceed Before the Magistrate Judge**</u>

    The Parties do not consent to proceed before the Magistrate Judge.

Respectfully submitted,

| Attorneys for Plaintiff | Attorneys for Defendant |
|---|---|
| */s/David Kim*<br>Daniel A. Edelman (lead trial attorney)<br>Cathleen M. Combs<br>David Kim<br>EDELMAN, COMBS, LATTURNER,<br>& GOODWIN, LLC<br>20 S. Clark Street, Suite 1500<br>Chicago, IL 60603-1824<br>(312) 739-4200<br>(312) 419-0379 (FAX)<br>Email Address for service:<br>courtecl@edcombs.com | */s/Todd P. Stelter*<br>David M. Schultz<br>Todd P Selter<br>HINSHAW & CULBERTSON LLP<br>151 North Franklin Street, Suite 2500 Chicago, IL 60606<br>T: (312) 704-3000<br>F: (312) 704-3001<br>dschultz@hinshawlaw.com<br>tselter@hinshawlaw.com |

## **CERTIFICATE OF SERVICE**

      I, David Kim, certify that on Thursday, May 20, 2021, I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

                                      s/*David Kim*
                                      David Kim

Daniel A. Edelman
Cathleen M. Combs
David Kim
**EDELMAN, COMBS, LATTURNER**
      **& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)